THE GLOBE MUTUAL LIFE INSURANCE ASSOCIATION

v.

AMELIA AHERN, Admx.

|191   167|
|103a ¹551|

*Opinion filed June 19, 1901.*

1. EVIDENCE—*burden of proving falsity of insured's statements is on the defendant.* In an action on a life insurance policy, the burden is on the defendant to prove the falsity of statements of the insured which it is claimed vitiate the policy.

2. INSURANCE—*agent's knowledge of falsity of answers will permit recovery.* To permit a recovery on an insurance policy notwithstanding the falsity of answers by the insured to questions contained in his application, it is sufficient if the agent of the insurance company knew the falsity of such answers.

*Globe Mutual Life Ins. Ass.* v. *Ahern,* 92 Ill. App. 326, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The appellant insurance association on May 4, 1895, issued its policy of insurance to John Ahern upon his written application therefor, agreeing to pay the sum of $1000.00 to the legal representatives of said Ahern within sixty days after the acceptance of proof of death of said assured, at a premium of $5.24, payable on or before the fourth days of May, August, November and February in every year during the existence of the contract. The policy provides, that any failure or neglect to make the payments of the premiums at the time and in the manner, specified in the policy, shall determine the contract.

Ahern died March 6, 1898, and letters of administration upon his estate were issued to appellee. Proofs of the death of Ahern were duly and regularly made, but the association refused payment upon the policy, and

appellee brought suit thereon against appellant in the superior court of Cook county, declaring specially on the contract. The association pleaded the general issue and thirteen special pleas, to which replications were filed, and a demurrer to the replications was sustained and carried back to the pleas, except the general issue, whereupon, by agreement in open court, it was ordered that the association might offer in evidence under the general issue any defense that it might make under any special plea well pleaded. A trial before the court and a jury resulted in a verdict for appellee of $1068.75 and judgment thereon, from which an appeal was taken to the Appellate Court.

The Appellate Court has affirmed the judgment of the superior court, and the present appeal is prosecuted from such judgment of affirmance.

It was contended, upon the trial in the court below, that, on March 7, 1895, the insured, John Ahern, had made application to the Prudential Insurance Company of America for a policy of insurance for $500.00, and that the application was rejected. In his application to appellant association on April 25, 1895, the deceased stated that he had never been rejected by any other company. The principal question of fact upon the trial below was whether his statement in his application to the appellant association, that he had never been rejected by any other company, was true or not.

At the close of the plaintiff's evidence upon the trial below, and at the close of all the evidence, counsel for defendant moved the court to give a written instruction to the jury, which was then presented, to find the issues for the defendant. This instruction was refused.

L. A. SEYMOUR, for appellant.

KICKHAM SCANLAN, and EDGAR L. MASTERS, for appellee.

Per CURIAM:  In deciding this case the Appellate Court delivered the following opinion, with the exception of certain portions thereof which are omitted as indicated by the stars:

"It is claimed that the court erred in refusing the instruction to find the issues for defendant, but we think the contention is not supported by the evidence in the record.

"The principal contest on the trial was as to the truth of the statement of the assured in his application for the policy, that he had never made an application for insurance to any other insurance company and been rejected. The assured answered, in response to questions in his application for the policy in question, in effect that no company had ever declined to grant insurance on his life. The burden of proving the falsity of this statement was upon the appellant.  The evidence upon the point is conflicting, and justified the jury in finding that the answer was not untrue.   *  *  *

"A further claim is made, that Ahern's policy lapsed in November, 1896, and that he procured a re-instatement, based upon his false statement that he was then in as good a state of health, as when his policy was issued. The burden was upon appellant to establish the falsity of this statement, as to which there is a conflict in the evidence; and we cannot say that the verdict of the jury can in this respect be said to be manifestly against the evidence.   *  *  *

"It is said, that the plaintiff's second instruction was erroneous in that it assumes that the appellant had an agent, and that the person who filled out the assured's application was its agent.  The criticism is not well founded, because the instruction requires the jury to make its findings from the evidence.

"It is also said the court erred in refusing the defendant's first instruction, which is based upon the theory of collusion or conspiracy between the assured and the agent of the Prudential Insurance Company.  There is

no evidence in the record justifying any such instruction, and it was therefore properly refused.

"The further claim is made that the defendant's third instruction should not have been refused. The substance of it is covered by other instructions given, and, besides, it was improper and calculated to mislead the jury, in that it permits a verdict for defendant in case of a false answer to any question propounded in the application, however immaterial that answer might have been, unless the defendant knew, when it issued the policy, that such answer was false. It is sufficient that an agent of defendant should know of the falsity of such answer to allow a recovery. (*Security Trust Co.* v. *Tarpey*, 182 Ill. 52.) It is true that the agent's knowledge would be the defendant's knowledge, but a jury might not so understand it, and the instruction was therefore calculated to mislead.

"Other points made by counsel we deem it unnecessary to refer to specifically; suffice it to say we have considered them all, are of opinion that there is no substantial error in the record, and that the judgment should be affirmed, which is done."

After a careful examination of the evidence in the record we are satisfied that it tends to establish the cause of action, and, therefore, the trial court committed no error in refusing to instruct the jury to find the issues for the defendant below. For the reasons given by the Appellate Court in their opinion, the trial court committed no error in giving the second instruction which was given for the plaintiff below, or in refusing the first and third instructions asked by the defendant below.

We concur in the views above expressed by the Appellate Court, and in the conclusion reached by them; and, therefore, the judgment of that court is affirmed.

*Judgment affirmed.*