THE MINNESOTA MUTUAL LIFE INSURANCE COMPANY

*v.*

LIZZIE MILLER LINK.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 6, 1907.*

1. INSURANCE—*statements in application will not be construed as warranties if there is any ambiguity.* Statements made by an applicant for life insurance in answer to questions as to his previous health, freedom from disease, etc., will be construed as representations, the materiality of which must be proven to avoid the contract for their untruth, rather than as warranties, the untruth of which will avoid the contract regardless of their materiality, if such a construction may be reasonably given the contract.

2. SAME—*intention must unequivocally appear to justify construing statement as a warranty.* While the law permits parties to a contract to insert any lawful provisions therein, yet where it is contended that warranties have been inserted in an insurance contract the effect of which will be to inevitably defeat the contract, such intention must be so clearly and unequivocally expressed as to leave the court no other alternative but to so construe the contract; and it is not, of itself, conclusive that the applicant signs a statement to the effect that every answer in his application is material, and that he warrants and declares each and every answer to be complete, full and true.

3. SAME—*when statements in application will be construed as representations and not warranties.* Categorical answers to a long list of questions in an application for life insurance, enumerating some sixty or more diseases, and concluding with the statement, "Having carefully read and fully understanding the foregoing questions, I declare that I have never had any of the diseases *or other serious ailment,* except pneumonia when nine years old," will be construed as representations respecting ailments of a serious nature, the falsity of which representations will not avoid the contract unless they are shown to be material.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

*With this case are decided the following consolidated cases: No. 5448, *Minnesota Mutual Life Ins. Co.* v. *Miller,* and No. 5449, *Same* v. *Welsh.*

230—18

TENNEY, COFFEEN, HARDING & WILKERSON, for appellant.

ALBERT M. KALES, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

These three cases have been consolidated in this court and will be considered as one case. They are all actions on a life insurance policy issued by appellant on the life of John P. Miller for $3000, $1000 of which was payable to each of the appellees, as beneficiaries. By certain pleas filed, to which the trial court sustained demurrers, and by certain instructions offered, appellant sought to defeat the action on the ground that certain statements in the application upon which the policy in suit was issued were untrue, and that such statements were by the terms of the contract made warranties. The trial court held that the alleged false statements were mere representations and not warranties, and that appellant could not rest a defense upon such statements without averring and proving their materiality and that they were known to be false by the assured at the time they were made. By its additional pleas appellant tendered an issue of fact as to the statements as representations. Upon these pleas, which were made necessary by the ruling of the court as to the sufficiency of the original pleas, the issue of fact thus presented was decided against appellant by the jury, and that finding has been approved by the Appellate Court for the First District. We therefore have no concern with the issue of fact further than to determine whether the court properly ruled that the alleged statements were mere representations and not warranties.

The particular questions in the application the answers to which are relied on by appellant as a defense relate to the previous personal health of the assured. Among the questions and answers found in the application are the following: "Except as herein stated, are you now and usually in

good health and do you believe yourself to be physically sound?—Yes." The application also contains the following statement: "The medical examiner will request applicant to carefully read the following question: 'Have you at any time suffered from chronic cough?' " etc. Then follows an enumeration of more than sixty diseases, among which are bronchitis and gall stones. At the end of the list of particular diseases the following statement is made: "Having carefully read and fully understanding the foregoing questions, I declare that I have never had any of the diseases or any other serious ailment, except pneumonia when nine years old, which lasted several weeks," naming Dr. Lindsey as the attending physician. The following certificate then appears above the signature of the assured:

"I, the undersigned, do hereby certify that I am the applicant for life insurance mentioned and described in the foregoing statements, representations, questions and answers; that I have read and fully understand each and every of said statements, representations, questions and answers; that said answers, statements and representations, and each and all of them, as above written, are the answers, statements and representations given and made by me, and were written by me under my direction and in my presence. And I do further declare and agree that each and every of said answers, statements and representations made by me, as aforesaid, is and are material to this application and any action taken thereon by said the Minnesota Mutual Life Insurance Company, and I warrant and declare each and every of said answers, statements and representations to be full, complete and true, and that if either or any of said answers, statements and representations be not full and complete, or if either or any of them be untrue in any respect, then and in such case any policy issued hereon shall be null and void from the beginning, except as shall be otherwise expressly provided in the policy. I do further agree that any policy issued upon this application and accepted by me, whether of the form or kind hereby applied for or otherwise, shall bear the same date as this application but shall not take effect until actually delivered to me and the first premium actually paid the company, and that in determining the due date of any premium the reckoning shall be from the date of the policy. And I further hereby agree that this application, and everything therein contained, shall be and constitute a part of any policy issued thereupon.

"Dated this 20th day of January, 1902.
                    JOHN P. MILLER, *Applicant.*"

The contention of appellant is, that by answering "no" to the questions as to whether the assured had ever had any of the enumerated diseases, and by the certificate above set out, the assured thereby warranted the literal truth of each of said answers, and that if they are false in any particular such falsity will avoid the policy, whether such answers were material to the risk or not, and notwithstanding they may have been made unintentionally and innocently, through mere mistake or inadvertence.

There is a material and substantial difference between the legal effect of a warranty and a representation. A representation must relate to a material matter and it is only required to be substantially true, while a warranty must be literally true and its materiality cannot be called in question. It is said that warranties enter into and are made a part of the contract while representations are merely inducements to it. (*Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474; *Metropolitan Life Ins. Co.* v. *Moravec,* 214 id. 186.) Whether the alleged false answers are warranties or mere representations is a question to be determined from a construction of the contract, which should be in accordance with the expressed intention of the parties. It is not reasonable to suppose that Miller took this policy with the distinct understanding that it would be void and that all premiums paid by him on it were a mere gratuity conferred upon the company, and yet if the absolute truth of all of the answers to the more than three-score questions was warranted there is scarcely a probability that any liability could ever accrue on such policy. It is well known, as is observed by the Supreme Court of the United States in *Moulor* v. *American Life Ins. Co.* 111 U. S. 335, that a person may have diseases of the presence of which in his system he has and can have no knowledge and which even skillful physicians are unable to discover after a most searching examination. It is therefore unreasonable that persons who organize corporations for the purpose of selling life insurance would

exact a warranty of an applicant for insurance of the truth of a matter which, from the very nature of the inquiry, might be wholly unknown to the applicant, and still more unreasonable that any sane person would knowingly warrant that he had never had, in any form or any degree, any disease embraced within the long catalogue embodied in this application.

While the law will permit parties competent to contract to insert any provisions that they see proper which are not contrary to law or good morals, still where it is contended that warranties have been inserted in an insurance contract the effect of which will inevitably be to defeat it in the end, such intention must be so clearly and unequivocally expressed as to leave the court with no other alternative but to so construe the contract. If the language employed is ambiguous and doubtful, or if there is another reasonable construction that may be placed upon it and thus avoid the consequences of a warranty, courts are inclined to adopt the latter construction. In this connection the language of Justice Harlan in the case last above cited is pertinent: "In the absence of explicit, unequivocal stipulations requiring such an interpretation, it should not be inferred that a person took a life policy with the distinct understanding that it should be void and all premiums paid thereon forfeited, if at any time in the past, however remote, he was, whether conscious of the fact or not, afflicted with some one of the diseases mentioned in the question to which he was required to make categorical answer. If those who organize and control life insurance companies wish to exact from the applicant, as a condition precedent to a valid contract, a guaranty against the existence of diseases of the presence of which in his system he has and can have no knowledge, and which skillful physicians are often unable, after a most careful examination, to detect, the terms of the contract to that effect must be so clear as to exclude any other conclusion." Again, in the same opinion, the learned justice uses the following

language: "The applicant was required to answer 'yes' or
'no' as to whether he had been afflicted with certain dis-
eases. In respect to some of those diseases, particularly con-
sumption and diseases of the lungs, heart and other internal
organs, common experience informs us that an individual
may have them, in active form, without at the time being
conscious of the fact and beyond the power of any one, how-
ever learned or skillful, to discover. Did the company ex-
pect, when requiring categorical answers to the existence of
diseases of that character, that the applicant should answer
with absolute certainty about matters of which certainty
could not possibly be predicated? Did it intend to put upon
him the responsibility of knowing that which perhaps no
one, however thoroughly trained in the study of human dis-
eases, could possibly ascertain?" The foregoing language
applies with great force to the case in hand. The facts in
this case are even stronger in support of appellees' conten-
tion that a warranty was not intended than in the *Moulor
case,* from which we have quoted.

We are of the opinion that there is sufficient reason for
holding the alleged statements in this case to be represen-
tations and not warranties, aside from those already sug-
gested. Following the categorical answers to the list of
questions the application contains this language: "Having
carefully read and fully understanding the foregoing ques-
tions, I declare that I have never had any of the diseases
mentioned or any *other serious ailment."* The words "other
serious ailment" may fairly be said to modify all of the
negative answers to the preceding list of questions. Any
person reading the entire application would conclude that it
was only information in respect to serious ailments that was
sought by the company. A physician who testifies in this
case for appellant says that a cold accompanied with a cough
is one form of bronchitis, but he says it is not a serious ail-
ment; and further, that the attacks of bronchitis for which

he had treated the assured could not be said to be serious ailments. Manifestly, the company did not expect that the applicant would be able to remember every cold he ever had which was accompanied with a cough, during his entire life, together with the duration of his illness and the name and address of the attending physician, if any. Neither would the applicant so understand, but, on the contrary, he would naturally understand that the question related to something more serious and material. If the question had been formulated in this way: "Have you ever had bronchitis or other serious ailment?" would not the words "other serious ailment" clearly exclude in the mind of any reasonable person an ordinary cold accompanied with a cough?

In our opinion the trial court properly construed the questions and answers in this case as mere representations and not warranties, and that the rulings of the court as to the pleas and instructions, in accordance with this interpretation, were proper.

There is some objection made to the admissibility of certain evidence, but the appellant's contention in this regard is without merit.

We have been asked by appellees in this case to award ten per cent damages because the appeal has been taken merely for delay. We cannot say that there is a want of good faith or that the appeal was prosecuted merely for delay on the part of appellant from the Appellate Court, and accordingly appellees' motion for the statutory ten per cent damages will be denied.

Finding no error in these judgments the judgments of the Appellate Court for the First District will be affirmed.

*Judgment affirmed.*