Mabel Diehl and Dorothy Diehl, by Martha D. Smith, Guardian, Appellees, v. Mutual Life Insurance Company of New York, Appellant.

1. INSURANCE—*when answers in application are representations.* Where a policy of life insurance states that all statements made by the insured shall, in the absence of fraud, be deemed representa-

tions and not warranties, answers to health questions in the application are representations.

2. INSURANCE—*effect of untrue representations.* Representations in an application for life insurance made in good faith, even though untrue, will not prevent a recovery; to avail as a defense, the company must aver and prove the representations were false and that the applicant knew them to be false at the time he made them.

3. INSURANCE—*company has burden to prove misrepresentations were knowingly made.* Where a life insurance company alleges in special pleas that the insured made misrepresentations in his answers to health questions in the application, and that he knew at the time they were false, the burden of establishing such facts rests upon the company.

4. INSURANCE—*company delivering policy with knowledge that insured is ill is bound.* Where an applicant for life insurance does not state that he has had asthma, if the company delivers the policy with the knowledge of its agent and general manager that the insured is then suffering with asthma, the concealment will not defeat a recovery on the policy.

5. INSURANCE—*evidence insufficient to show insured's knowledge of disease.* An applicant for life insurance stated that he was in good health and had had no serious illness. Two days later an attack of asthma, as supposed, developed, the company delivered the policy with knowledge of such fact. The insured died four months later from tuberculosis and an action was brought on the policy. The examining physician of the company had found no evidence of the disease and he stated that no one knows when it starts and it often terminates fatally in from three to six weeks. The insured's physician found no evidence of the disease when he diagnosed the case as asthma, and it was a week later that he discovered the tuberculosis. *Held*, there was no sufficient evidence that insured knew he had tuberculosis when he made application, and a peremptory instruction was properly refused.

Appeal from the Circuit Court of Coles county; the HON. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

EMERY ANDREWS, for appellant; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

JAMES W. & EDWARD C. CRAIG, for appelles.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit to recover on a life insurance policy

issued by appellant upon the life of one Albert L. Diehl, filed in the Circuit Court of Coles County. The declaration contained one count, and avers that on the 22nd day of August, 1910, appellant issued and delivered to said Albert L. Diehl a life insurance policy in the sum of $1,000 and that thereby the appellant agreed to pay to the appellees herein, upon the death of the said Albert L. Diehl, the said sum, in accordance with the terms and conditions of the said policy; that on the 12th day of December, 1910, the insured departed this life, and alleges that proof of death was furnished to appellant on the 29th day of the same month, and alleges a breach of the contract of insurance.

Appellant filed a plea of the general issue and ten special pleas, charging misrepresentation, deceit, and fraud, in the procurement of the insurance policy.

Issue was joined upon these pleas and the cause was heard by the court and a jury and verdict and judgment in the sum of $1,050 was rendered in favor of the appellees, from which judgment this appeal has been perfected.

Ten assignments of error are made upon this record. In our view, however, it will not be necessary to discuss all of them at length. The principal question arising under the issues in the case is whether or not the insured obtained the issuance of the policy of insurance by fraud and deceit in this, that he knowingly, falsely, and with intent to deceive the appellant company, represented in his application for the insurance, that he had had no illness, disease or accident since childhood except a case of typhoid fever and loss of one eye; that he was then in good health and had never raised or spat blood; that at the time he received the policy he was in good health, and that he had not consulted a physician in five years.

By reference to the policy and application introduced in evidence, we find inserted therein the following provision: ''All statements made by the insured

shall, in the absence of fraud, be deemed representations and not warranties and no such statement of the insured shall avoid or be used in defense to a claim under this policy unless contained in the written application herefor, a copy of which is indorsed hereon, or attached hereto.'' The language here used clearly shows that the statements made in the application by the assured are representations and not warranties. We find this rule discussed at length in Illinois Masons' Benev. Soc. v. Winthrop, 85 Ill. 537, and the same conclusion is announced in Minnesota Mut. Life Ins. Co. v. Link, 230 Ill. 273, where it is said: ''There is a material and substantial difference between the legal effect of a warranty and a representation. A representation must relate to a material matter and it is only required to be substantially true, while a warranty must be literally true and its materiality cannot be called in question. It is said that warranties enter into and are made a part of the contract while representations are merely inducements to it. Whether the alleged false answers are warranties or mere representations is a question to be determined from a construction of the contract, which should be in accordance with the expressed intention of the parties.''

Representations in an application for insurance made in good faith, even though untrue will not prevent a recovery. To avail as a defense, the defense must aver and prove the representations in an application for insurance are false and that the applicant knew them to be false at the time he made them. This proposition is supported by the following authorities: Continental Life Ins. Co. v. Rogers, 119 Ill. 474; Globe Mut. Life Ins. Ass'n. v. Wagner, 188 Ill. 133, and Provident Sav. Life Assur. Soc. v. Cannon, 103 Ill. App. 536.

It is therefore to be determined from the evidence in this case whether or not the misrepresentations complained of were made by the insured, and if the

insured knew at the time they were false. The burden of establishing these facts, as alleged in the special pleas, rests upon the appellant.

The undisputed evidence in the case shows that Albert L. Diehl a man about thirty-seven years of age, resided with his family in Mattoon, and appeared to be a healthy, robust man, six feet in height and weighing from 190 to 220 pounds; that he made the application for insurance in question, was examined by appellant's medical examiner and by him passed as a suitable risk for insurance, on the 22nd day of August, 1910; that up to this time, with the exception of a case of typhoid fever, the loss of an eye and a minor affection of his back and at times colds and asthma, assured was not known to have suffered from any other disease or accident, and there is no statement, fact or circumstance appearing in this record that he, on the date of his application and policy, knew himself to be afflicted in any manner, except asthma and that, from the evidence, did not appear to be at all serious.

On the night of the 24th day of August, 1910, the assured took sick and sent for Dr. Richardson. When the doctor appeared he found the assured suffering from asthma and treated him for same and continued this treatment under the belief that it was a case of asthma until about the 31st day of August, 1910, and at that time the doctor decided to make a further test. On or about the first day of September, 1910, he took a sample of the sputum and sent it to the State Board of Health at Springfield, for examination, and on the fifth day of the same month received from the State Board of Health a reply, disclosing the fact, positively, that the assured was suffering from tuberculosis.

The typhoid fever and the injury to the eye were mentioned in the application for the insurance. The attack of asthma on the 24th day of August came to the knowledge of Mr. Stump, appellant's agent, on the 28th day of that month, and he notified the general

manager of appellant at Terre Haute, Ind., that the assured was sick with asthma and asked whether or not he should deliver the policy. The general manager of appellant directed the agent to deliver the policy and he did so on the 29th day of August. The minor injury to the back and the occasional cold from which deceased had suffered, are neither of sufficient consequence to require further attention.

As to the asthma, the appellant had notice before the policy was delivered, and in the face of that notice, delivered the same. The appellant cannot insist upon a forfeiture of the policy for a cause which was within the knowledge of its agent and general manager at the time the policy was delivered. Security Trust Co. v. Tarpey, 182 Ill. 52; Globe Mut. Life Ins. Ass'n v. Ahern, 191 Ill. 167. This doctrine is supported by a long line of authorities in our own state.

The appellant indulges in the presumption that the assured was suffering with pulmonary trouble, and had knowledge of the same at the date of his application. This presumption is not supported by the evidence. In fact, we fail to find any evidence that the assured was suffering from tuberculosis on the 22nd day of August, when he signed the application, or in fact, that he was, at that date, afflicted with tuberculosis. Dr. Cleaves Bennett, the examining surgeon of the appellant, a physician described as having great experience in matters of this character, was acting as the examining officer for ten or twelve life insurance companies. He testified that he had known the assured for about fifteen years and stated the assured was "big, robust, powerful man," that he gave him the usual careful examination as required by the appellant and recommended him for insurance. The doctor further testified: "I examined his heart and lungs by placing my ear at his heart, and listening to the heart beat, also feeling his pulse. I examined his lungs by listening on each side of his chest, both in front and behind. He had no coat or vest on and was

at his place of business. On the 22nd day of August I found no evidence of tuberculosis.'' This doctor further testified that, as an expert, he had known cases of tuberculosis where the patient died in from three to six weeks from the time when the patient was apparently in good health; that no one can know just when it starts.

The evidence of Dr. Bennett, as to the time which may intervene between the first appearance of this character of disease and death, is fully supported by the evidence of Dr. R. J. Coultas, and he further says that tuberculosis germs may lurk in the system and the person not know it; that a person might have consumption and, apparently, not be in a serious condition and the disease might cause the rupture of a blood vessel, and that patients have gone in twenty-four hours, or less time.

Dr. E. E. Richardson, in his testimony, agreed with the other physicians, and also testified that he found no evidence of tuberculosis upon his examination of the assured on the 22nd day of August or thereafter until the 31st day of August or the first of September, and he then began to suspect that such might be the trouble.

The evidence of these physicians is practically all of the evidence offered upon that subject. So far as the rights of the parties to this proceeding are concerned, it is not important whether the disease was of long standing or of short duration, unless the evidence shows that the assured knew at the time he signed the application for the insurance that he had the disease, from which he afterwards died. Is it reasonable to conclude that the assured knew that he was suffering from tuberculosis on the 22nd day of August, when it had not sufficiently developed so that physicians of skill and experience, when making a special examination, could detect the slightest symptom of such disease? We think not.

In Minnesota Mut. Life Ins. Co. v. Link, 230 Ill

273, on page 276, the court in discussing a question similar in character make use of the following language: "A person may have diseases of the presence of which in his system he has and can have no knowledge and which even skillful physicians are unable to discover after a most searching examination."

We reach the conclusion, from the reason given above, that the peremptory instruction asked by the appellant was properly refused, and not finding any reversible error in the other instructions or the rulings of the court upon the exclusion or admission of testimony, and believing that substantial justice has been done in this cause, the judgment of the circuit court is affirmed.

*Affirmed.*