HENRY L. GLOS *et al.* impleaded, etc.

*v.*

CHARLES F. SWIGART.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*decree pro confesso—proof not questioned on appeal.* The sufficiency of the proof to sustain a decree *pro confesso* taken against a party in default cannot be questioned by him on appeal.

2. SAME—*objection by one having no right, not heard on appeal.* An objection that relief not strictly within the prayer of the bill was granted to the owner of property against a tax sale, cannot be raised, on appeal, by a bidder who acquired no rights in the sale.

3. INJUNCTION—*to prevent delivery of certificate of tax sale.* The owner of property sold for taxes, who, by collusion and fraud between the successful bidder and the person conducting the sale, has been prevented from becoming the purchaser, may, by injunction, prevent the delivery of the certificate of sale to the purchaser.

*Glos* v. *Swigart,* 54 Ill. App. 316, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was a bill filed by appellee, in which he set up that he was the owner of the east half of a certain lot in Cook county, being about forty acres; that on August 28, 1893, at a tax sale for delinquent taxes for the year 1892, made by Charles Kern, county collector, through one William Batterman, said property was offered for sale, and Rollo M. Davis, acting for the complainant, bid for the taxes, costs and interest then due upon the same for one-vigintillionth thereof, and which was the lowest bid therefor ; that notwithstanding such bid was made said Batterman "intentionally and fraudulently, and in collusion with one Henry Glos, who was represented at the sale by Henry F. Meyer, and who did the bidding for Glos, refused to accept the bid of Davis, claiming he did

not hear him make it;" that he did hear the same, but for the purpose of favoring Glos and Meyer, and without allowing or permitting any lapse of time or any opportunity on the part of other bidders to make any other or better bid than that of Meyer, attempted to, and pretended to, immediately knock down and sell the whole tract to Meyer, and in his name, but really for the benefit of Glos; that complainant was ready to pay the taxes, interest and costs in accordance with the bid of Davis, and offered then and there to pay the same, which last offer was first accepted by Batterman but subsequently refused by him. An offer was made by the bill to pay the full amount of the taxes, interest and costs in accordance with the bid of Davis. It also charged that the acts and doings of Batterman and Meyer in and about the sale were in accordance with a prior understanding and agreement on their part to prevent complainant or his representative from bidding in the property. Henry Wulff, county clerk, Charles Kern, county treasurer, Henry F. Meyer, Henry Glos and Batterman were made defendants, the prayer being for an injunction restraining each of them from making and delivering to Meyer and Glos, or any person on their behalf, and them from receiving, a certificate of purchase of said property; also for a decree requiring Kern to make and deliver to complainant a certificate of purchase in accordance with the bid of Davis. A temporary writ of injunction was issued, and served on all of the defendants. Glos and Meyer, these appellants, made default, and a decree *pro confesso* was entered against them. Wulff and Kern answered, admitting the tax sale of August 28, 1893, as alleged in the bill, but denying all knowledge of the bid by Davis and of any fraud or collusion, as charged. The action was dismissed as to Batterman.

A general replication being filed to the answer, the cause was referred to James R. Mann, master in chancery, to take the proofs. On December 26, 1893, he re-

ported the evidence taken by him, together with his conclusions. To this report these appellants, having been previously defaulted, made no objection, either before the master or the court. Kern and Wulff filed certain objections to the same before the court but none before the master. Their objections were all overruled and the report approved, and a decree accordingly entered finding the allegations of the bill to be true, and perpetually enjoining the defendants Wulff and Kern from issuing to Glos or Meyer a certificate of purchase for said property; also finding that complainant did, on said August 28, 1893, offer to pay the taxes for 1892 levied and assessed on said premises, and that he has kept that offer good, and brings the sum of $1042.69, being the full amount of taxes of 1892, and costs accrued thereon to the date of sale, and enjoining these appellants "from demanding or receiving from said Kern or Wulff any certificate of sale of said premises," and ordering the clerk to receive said sum of money, to be delivered to the defendant Charles Kern at his request, to be in full payment of said tax of 1892, and the property freed from said sale of August 28, 1893. The Appellate Court affirmed this decree. See 54 Ill. App. 316.

H. S. MECARTNEY, and E. J. PRICE, for appellants :

A property owner, cannot legally purchase his own property at tax sale. Cooley on Taxation, (2d ed.) 500-506; Black on Tax Titles, (2d ed.) secs. 273, 274; Blackwell on Tax Titles, (5th ed.) sec. 566; Desty on Taxation, 927-929.

The bill on its face shows such *laches* on the part of the complainant as to preclude equitable relief. *Stone* v. *Gardner*, 20 Ill. 304.

A tax sale is a public auction sale to the best *bona fide* bidder, and is subject to the same rules as any other auction sale. *Coombs* v. *Steere*, 8 Ill. App. 147.

If underbidders or puffers are employed at a tax sale to enhance the price and deceive other bidders, and they are in fact misled, the sale will be held void, as against public policy. 1 Story's Eq. Jur. sec. 293 ; Blackwell on Tax Titles, sec. 564.

A complainant can have only the relief for which he prays, on a bill which does not contain a prayer for general relief. Daniells' Ch. (Perkins' ed.) 434, note 2.

The decree must be supported by the bill, or it must fall. *McKay* v. *Bissett*, 5 Gilm. 499, followed by a long line of decisions cited in 1 Kinney's Digest, 727.

W. A. PHELPS, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

On the record, as presented to us, the first question which naturally arises is, what are the rights of appellants in this court? "The rule is well settled that a defendant in chancery cannot, on error, object to the sufficiency of complainant's proof, when the bill is taken for confessed." (*Gault* v. *Hoagland*, 25 Ill. 241.) The rule thus announced has never been departed from by this court, and therefore no question as to the sufficiency of the proof to authorize the decree below can be raised on this appeal. Appellants stand in the position of having confessed the truth of every fact well pleaded in the bill. It is true, the sufficiency of the bill to justify the decree may be questioned, on error or appeal, by any party thereto, even after being defaulted ; but that right is of no avail to these appellants. It cannot be seriously contended here that the bill, on its face, does not show a clear right to the decree rendered against them, viz., restraining them from demanding or receiving a certificate of sale for complainant's property. That the bill shows on its face that the pretended sale to Meyer for Glos was irregular, fraudulent and void cannot be denied. To hold that a

bidder at a tax sale is entitled to a certificate of purchase under the facts set up in this bill, would certainly be extraordinary. As stated by the master in his report, "the theory of tax sales is, that the tax buyer will take as small a portion of the property as is equal in value to the amount of taxes due, and the owner is entitled to have a fair opportunity given to tax buyers to bid." Not only does the bill taken as confessed show that such an opportunity was not given at the sale in question, but the master so found from the proofs, his finding being approved by the court.

It seems to be thought that appellants can question the decree below because it grants relief not strictly within the prayer of the bill. It grants no such relief against them. They have no interest in the question as to whether the money paid into court should be applied in payment of the taxes due. The public officers are making no complaint of the decree in that regard. The public demand is satisfied by it, and appellants have no right to complain. Their interest in the case ends with the holding that they acquired no rights at the tax sale. The object of sales for taxes is to collect the tax, and not to afford bidders an opportunity to acquire title to property or receive penalties by way of redemption. While it is true that the owner cannot purchase his own property at a tax sale, so as to gain an advantage over others or in that way escape the payment of taxes, if he in fact pays the tax in full, even by bidding in the property, we are unable to see upon what principle one having no interest in the property or collection of the tax can complain.

We entertain no doubt as to the correctness of the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*