Ethel McClary, Administratrix of the Estate of Amel McClary, Deceased, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

Gen. No. 8,819.

Opinion filed October 15, 1935.

GOWER, GRAY & GOWER and W. H. DYER, all of Kankakee, for appellant.

FRANK J. BURNS and JAMES T. BURNS, both of Kankakee, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

Appellant issued a beneficiary certificate to Amel W. McClary on June 17, 1919, entitling him to the rights, privileges and benefits of membership, and to participate in the beneficiary department designated as "class-D" of appellant Brotherhood. There were seven classes of beneficiary certificates provided by the constitution of appellant. Class-D was fixed at $2,800, and it was provided that the full amount should be paid upon the death of the member insured, or upon his becoming totally and permanently disabled within the meaning of sec. 68 of the constitution. This last named section set out certain things that would be considered as total and permanent disability. Among these was the complete and permanent loss of sight of one or both eyes.

Amel W. McClary brought his suit to the October term, 1931, under said benefit certificate claiming the benefits as above provided therein under the constitution and by-laws, for loss of sight. After the bringing of this suit and before trial, the insured died, and appellee administratrix substituted as plaintiff. At the close of all the evidence in that case, the trial court instructed the jury to find a verdict in favor of plaintiff administratrix, and a judgment for $2,800 was rendered against the Brotherhood. The benefit society prosecuted an appeal to this court from that judgment, urging that the insured gave a false and untrue answer in his application in that he stated he had never had inflammation or other disorder of the spine; claiming that at the time of making such application he was afflicted with arthritis of the spine, and that this rendered the beneficiary certificate void, and no liability existed against the Brotherhood because of such insurance contract. The loss of sight was also disputed. This court held that due to disputed questions of fact

involved upon the trial of that case, the trial court erred in directing a verdict, and the cause was reversed and remanded for another trial. *McClary v. Grand Lodge Brotherhood of Railroad Trainmen,* 269 Ill. App. 658 (Abst.).

After the case was remanded to the trial court, there followed a series of pleadings, amendments, and demurrers. Appellant makes complaint regarding the replications filed by appellee, claiming they do not traverse the pleas. The replications are quite general, but they allege that nothing pleaded by the defendant avoids the cause of action of the plaintiff as set forth in the declaration. We think the issues were fairly and clearly made by the declaration, pleas, and replications. So many pleadings and demurrers were filed by the respective parties, as to make it impractical to list or discuss them at this time. This also applies to the many points raised by the appellant. The record contains 450 pages, of which 198 pages are devoted to testimony and exhibits.

This case is not without its perplexities. The pleadings subsequent to the first trial injected every available point into the case, and served to add to an otherwise already complicated situation. However, a record need not be free from all error, but only such error which might be prejudicial to the defendant's rights. The object of the review of judgments of trial courts is not to determine whether the record is free from all error, but is to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, after a trial in which no error has occurred which might be prejudicial to the defendant's rights.

Appellant urged that the insured at the time of making application for the benefit certificate was suffering from arthritis of the spine, and also denied loss of sight by the insured. It is claimed by appellant that under the provisions of the benefit certificate, the ap-

plication therefor, and the constitution and by-laws of the Brotherhood, if the appellee was afflicted with arthritis of the spine at the time of making such application, then by the terms of the contract of insurance, the same became null and void and no liability arose thereby. Appellant claimed the insured gave a false and untrue answer to question No. 5 contained in the application for this policy, which question is as follows: "No. 5. Have you ever been afflicted with any of the following complaints or diseases? Insanity, apoplexy, palsy, or paralysis, vertigo, fits or convulsions, delirium tremens, sunstroke or congestion, inflammation or any other disorder of the spine, brain or nervous system?" To which question the said insured answered "No." Appellant urges that under the contract, all statements and answers to questions made pursuant to the application therefor, were warranties and warranted to be true, and not mere representations.

The settled rule of law is that where an application for insurance is expressly declared to be a part of the contract and the statements therein contained are warranted to be true, such statements will be deemed material whether they are so or not, and if shown to be false, there can be no recovery on the contract however innocently the statements had been made. *Crosse v. Supreme Lodge Knights & Ladies of Honor,* 254 Ill. 80, 84; *Hancock v. National Council of Knights & Ladies of Security,* 303 Ill. 73. This rule has long been recognized. *Jeffries v. Economical Mut. Life Ins. Co.,* 89 U. S. 47, 22 L. Ed. 833. Warranties are not favored in the law, and if there is anything to be found in the application or certificate tending to show that the answers and statements were not intended by the parties to be regarded as warranties, then such answers or statements as are not material to the risk and were honestly made in the belief that they were true,

will not present an obstacle to recovery. *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474; *Minnesota Mut. Life Ins. Co. v. Link,* 230 Ill. 273.

The application required by appellant to be completed by the insured made inquiry as to when the applicant had been treated by a physician, to which it is stated that he was treated for influenza in October, 1918. The application further asks that the present condition of the applicant be stated. The answer to this question is: "Patient is absolutely normal." This answer was evidently stated in the words of appellant's examining physician following his examination of the patient. Question No. 5 was to the effect if the applicant had ever been afflicted with certain complaints or diseases among which we find the following: Insanity, apoplexy, palsy, paralysis, vertigo, fits or convulsions, delirium tremens, sunstroke or congestion, inflammation or any other disorder of the spine, brain, or nervous system, asthma, bronchitis, pneumonia, pleurisy, consumption, spitting of blood, habitual cough or expectoration, shortness of breath, palpitation or any disease of the throat, heart or lungs, jaundice, chronic diarrhoea, constipation, fistula, piles, gallstones or gravel, renal or hepatic colic, dropsy, syphilis or stricture, or any disease of the alimentary, genital or urinary organs, cancer or tumor, scrofula, discharge from the ear, ulcers or open sores, chronic rheumatism, gout, varicose veins, or any malformation. It is obvious that many of these could have no connection with the function of the eye. However, they include about every vital organ of the body. Upon reaching maturity, man has come to the place in life where by virtue of the natural processes alone, dissolution has set in. And no one is more aware of this than the actuaries of insurance companies. A man at mature age is fortunate indeed if he is not afflicted in some degree with a number of the disorders and human frailties that are set forth in the above list.

In construing the language of the application for an insurance policy, distinction has been made between statements that are called warranties and those styled representations. Very marked differences result by virtue of the conclusions reached. The decisions have been numerous and conflicting in cases relating to applications for insurance, and it is difficult to lay down general rules which will apply in all cases. More recent jurisprudence tends to grant liberality of construction in favor of maintaining the contract. Therefore, insurance contracts are liberally construed in favor of the insured. The companies are responsible for the language used in the contract and policies. The same is generally intricate in the wording, and the liability thereunder hedged in and restricted by a multiplicity of covenants and conditions, whereby the insured is frequently tied down by so many warranties concerning matters that may be wholly immaterial, that they only serve to afford an avenue of escape, should the company wish to avoid responsibility. The time came when technical constructions placed in contracts of this kind by the companies, blocked the pathway to justice, and led to decisions which relieved the insurer of liability because of a rigid adherence to forms of words rather than the intent of the parties. The business of insurance has increased in such magnitude, due to the activities of the companies in persuading people to enter into insurance contracts, that it has become essential that the rules of law declared to be applicable to such contracts should be based upon just and equitable principles and administered in a manner in harmony with the doctrines of an enlightened jurisprudence.

Warranties are not favored in law, and statements in an application for a policy of insurance such as this one, will not be construed as warranties unless the provisions of the application and policy, taken together, leave no room for any other construction. *Spence v.*

*Central Accident Ins. Co.,* 236 Ill. 444; *Weisguth v. Supreme Tribe Ben Hur,* 272 Ill. 541. It is not always easy to determine just what language amounts to a warranty. If the contract however declares that the statements made in the application touching the subject of the insurance are warranted to be true, and that the policy shall be void if they are untrue, the falsity of any such statement will defeat the insurance. The parties being free to agree upon whatever terms and conditions they choose, and having so agreed by their contract, the courts have no other alternative than to give effect to the contract of the parties as written. Under such circumstances, the truth of the fact warranted is a condition precedent to recovery, and it is immaterial whether the applicant believed the statement to be true or not. *Crosse v. Supreme Lodge Knights & Ladies of Honor, supra; Hancock v. National Council of Knights & Ladies of Security, supra; Western & Southern Life Ins. Co. v. Tomasun,* 358 Ill. 496.

The application in this case expressly provided that all statements and representations were material and warranted to be true, and in the event any of them were not, the contract would thereby be rendered null and void. We thus see that the statements contained therein are warranties. The application further provided that it formed the basis of the contract. It is referred to in the beneficiary certificate and is made a part of the contract together with the constitution, rules and by-laws of the defendant Brotherhood. We thus find the application is a part of the benefit contract. *Spence v. Central Accident Ins. Co., supra.*

Over the objections of appellant, the court instructed the jury that the burden was upon the defendant to prove by a preponderance of the evidence that the alleged false statements were false at the time given, *that the applicant then knew them to be false,* and

that he made them for the purpose of deceiving the defendant. In view of *Crosse v. Supreme Lodge Knights & Ladies of Honor, Hancock v. National Council of Knights & Ladies of Security,* and *Western & Southern Life Ins. Co. v. Tomasun, supra,* this was error. The established rule in this State appears to be that if the truth of the fact warranted is a condition precedent to recovery, it is immaterial whether the applicant knew the statement to be false.

In addition to objections to the instructions of the court with reference to the applicant's knowing the falsity of the statements made in the application, appellant further objects to the instruction of the court that the burden of proof was upon the defendant to show the breach of a condition precedent. The court instructed the jury that the burden of proof was upon the defendant to establish the falsity of the statements complained of. Since it will be necessary to reverse and remand this case for another trial for the error above indicated, we are confronted with the further question involved regarding the burden of proof with reference to the falsity of the statements. Appellant urges that it is incumbent upon the plaintiff to establish a compliance with conditions precedent to right of recovery. Courts of the various jurisdictions are not in accord in this respect. It is generally conceded in all jurisdictions that an expressed warranty, if made a part of the contract, is a condition precedent. Some jurisdictions hold that warranties are in the nature of conditions precedent, and that upon a strict compliance with them depends the rights of the insured, and when the same are put in issue by the defendant, the burden remains upon the plaintiff to establish his case by a preponderance of the evidence, and therefore it is incumbent upon plaintiff to prove a compliance with the conditions precedent so put in issue by plea of the defendant. Other jurisdictions, while recognizing that warranties are conditions precedent, follow the rule

that in order for the defendant to defeat recovery on the grounds of an alleged breach of warranty, that it is incumbent upon such defendant to allege the breach by proper plea and to prove such breach as alleged. Joyce on Insurance, Vol. 3, sec. 1977, p. 3250; Vance on Insurance, sec. 104, ch. 8, p. 285 *et seq;* Bacon, Life and Accident Ins., Vol. 1, ch. 6.

The rule applied in the usual life insurance contract containing the two-year incontestable clause cannot be applied as to mutual benefit certificates, such as we have before us in this case. Neither can the rule that is applied in such a case as *Globe Mut. Life Ins. Ass'n v. Ahern,* 191 Ill. 167, be applied in the instant case, because in that case knowledge of the true facts and circumstances was furnished the agent of the company and he failed to properly represent the same to the company. The rule applied in cases of that nature is based upon the error or fraud of the insurer's agent in preparing the application, after he has been furnished with a true statement of the facts. The duty of the agent of a benefit society to truthfully represent the facts upon the application, as they were furnished him by the applicant, has always been recognized in this State. *Weisguth v. Supreme Tribe Ben Hur, supra; Guter v. Security Benefit Ass'n,* 335 Ill. 174 (which case we will hereafter refer to).

Mutual benefit societies are governed by their constitution and by-laws. Power to enact by-laws is inherent in every private association. A constitution and by-laws requiring an application to be made by the insured prior to his contract, and which provide that the statements therein made shall be warranties and the falsity thereof shall void the policy, do not violate the right of contract. Under such conditions, the courts cannot do other than accept the contract as entered into by the parties.

A warranty in an insurance contract enters into and forms a part of the contract itself. It defines, by way of description, conditions, or otherwise, the precise

limits of the obligation which the insurer undertakes to assume. No liability can arise except within those limits. In order to charge the insurer, the terms which define its obligation must be satisfied by the facts which appear in evidence. From the very nature of the case, the party seeking to enforce the contract must bring his claim within the provisions of the instrument he is undertaking to enforce. The burden of proof is upon the plaintiff to present a case in all regards conforming to the terms under which the risk was assumed. The rule that a warranty in an insurance policy is a condition precedent to recovery thereunder and the burden of proving performance rests upon the assured, is one of long standing. *McLoon v. Commercial Mut. Ins. Co.*, 100 Mass. 472, 97 Am. Dec. 116; *Sweeney v. Metropolitan Life Ins. Co.*, 19 R. I. 171, 38 L. R. A. 297.

It is hard to conceive how the contract can be legally binding upon the defendant if the plaintiff has failed to comply with conditions precedent thereto, or shows a waiver of same on the part of the defendant. A different rule applies when the defendant pleads breach of conditions subsequent, and this is recognized in the case of *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236, 243. We are of the opinion, however, that conditions precedent to the legal inception of the contract are on a different plane than a breach of conditions subsequent. The defense by an insurance company for the breach of a condition subsequent necessarily admits the validity of the contract in its inception, and seeks to avoid what is admitted to have once been a binding agreement, by some subsequent breach thereof. We believe that the burden is upon the plaintiff to establish by a preponderance of the evidence a compliance with conditions precedent to the inception of the contract sued on, and in the event the defendant denies such compliance, that the burden remains upon the plaintiff to prove same, or waiver thereof on the part of the defendant. It is true that if such question

is not put in issue by plea of the defendant, the plaintiff may be saved the hardship of being required to furnish full evidence of the truth of the answers in the application, by making out a prima facie case such as is recognized in *Benes v. Bankers Life Ins. Co., supra*. The fact that a denial by a defendant of the compliance with a condition precedent may affect the amount of evidence to be required of the plaintiff in the first instance should not change the rule as to who has the burden of proof. The warranty is equally a condition precedent whether it be admitted or denied by the defendant, the performance of which must be proved by the plaintiff in order to maintain his action on the policy.

We are aware of but one instance in which the Supreme Court has made any definite expression upon the question above discussed. It is in the case of *Guter v. Security Benefit Ass'n, supra*. In that case the beneficiary brought suit against the association under a benefit certificate which had been issued to her brother. The declaration was in the usual form. The defendant filed special pleas alleging certain false statements made by the applicant, to answers in his application, which statements by the contract were made warranties such as to defeat the policy. The court in that case on page 177 of its opinion, in referring to where the burden of proof lay under those circumstances, makes the following statement: "The burden of proof, under the pleas, was upon plaintiff in error." The plaintiff in error in that case was the beneficiary named in the policy and plaintiff in the trial court. We are aware of the diversity of opinion in the various jurisdictions on this question of the burden of proof as to conditions precedent, when the defendant raises same by special plea. Conditions that are made precedent by the terms of a contract before the same shall become operative go to the legality of the instrument at its legal inception. If the estab-

lished rule is that the plaintiff must make due proof of compliance with conditions precedent, or show a waiver thereof before recovery can be had, we see nothing to shift the burden of proof to the defendant, if such defendant does not see fit to admit of the compliance of such conditions by permitting the plaintiff to merely establish a prima facie case. The fact that the defendant sees fit to deny the compliance of a condition precedent should not relieve plaintiff of the burden of establishing same. It is not to be unexpected that the defendant, when raising the issue by plea, will offer some evidence regarding the matter, but the fact that the evidence of defendant and plaintiff may be in dispute and conflicting does not of itself change the rule as to the burden of proof. It would be an anomaly, indeed, to say that the burden of proof upon a disputed question of fact rested upon the plaintiff to establish, and at the same time rested upon the defendant to prove. It must necessarily rest upon one or the other of the parties litigant, and as stated in the case of *Guter v. Security Benefit Ass'n, supra,* we are of the opinion that the burden is upon the plaintiff. The above question is somewhat unsettled and involves the property rights of many people. It is therefore one that should be definitely determined by the court of last resort.

We are of the opinion that the trial court erred in instructing the jury first, that the burden of proof was upon the defendant to establish the fact that the applicant knew the answers were false at the time he made them; and second, that the burden of proof was upon the defendant to establish lack of compliance by plaintiff with conditions precedent to the valid incepton of the contract.

For these reasons, the judgment herein is reversed and this cause remanded.

*Reversed and remanded.*