Rosa May et al., Appellees, v. Florene May Marx et al.,
  Appellees, and Wilbur D. May et al., Appellants,
  and Nancy May Straus, Minor, and Martin L.
  Straus III, Minor, Separate Appellants.

Gen. No. 40,236.

Opinion filed March 29, 1939.   Rehearing denied April 21, 1939.

WILLIAM H. HAIGHT, of Chicago, for certain appellants.

ALBERT E. JENNER, JR., of Chicago, for certain other appellants.

BENJAMIN F. GOLDSTEIN and HERBERT L. HART, both of Chicago, for certain appellee.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, of Chicago, for certain other appellee.

LEWIS, RICE, TUCKER, ALLEN & CHUBB, of St. Louis, Mo., and SIDLEY, McPHERSON, AUSTIN & BURGESS, of Chicago, for certain other appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This case comes before this court upon an appeal by certain of the defendants, Wilbur D. May, Morton David May, Sarah Jane May Waldheim, David May II, and Blanche Rose May, together with Nancy May Straus, a minor, and Martin L. Straus III, a minor, from a decree entered in the circuit court of Cook county by the chancellor, construing two certain trust instruments and a certain letter and instructing the plaintiff trustees as to their several duties thereunder.

The proceeding was heard upon a complaint in equity instituted by the plaintiffs as trustees for the construction of a trust instrument executed by David May on October 10, 1916, a supplementary trust instrument executed by David May, Florene May Marx and the trustees and dated November 16, 1921, and a letter executed by the same parties and dated October .., 1926. The prayer of this bill of complaint is that the court instruct the plaintiff trustees as to whether certain trust income which they had accumulated should be paid to Florene May Marx or should be retained, and whether future income of the trust should be paid to George Lauter, as trustee, and to Florene May Marx, or should be accumulated and retained,

The court after a hearing found and decreed that the legal effect of the trust instruments of October 10, 1916, and November 16, 1921, and the letter of October .., 1926, was that Florene May Marx became entitled to have distributed to her or her assigns from time to time at reasonable intervals the entire net income which accrued after February 17, 1928, on one-fourth of the trust estate; that the legal effect of the assignments in trust of November 5, 1937, was such that George Lauter, as trustee, was entitled to receive the net income from the one-fourth trust estate which accrued after November 5, 1937, and which would accrue during the lifetime of Florene May Marx and prior to February 17, 1943, and ordered that the plaintiffs, as trustees:

1. Pay to Florene May Marx the accumulated income from said one-fourth (¼) trust estate which accrued during the period from February 17, 1928, to November 5, 1937;

2. Pay to George Lauter, as trustee, the net income from said one-fourth (¼) trust estate which accrued after November 5, 1937, and which would accrue during the lifetime of Florene May Marx and prior to February 17, 1943;

3. Pay to Florene May Marx or her assigns all the net income from said one-fourth (¼) trust estate which would accrue during her lifetime and the continuance of said trust after February 16, 1943.

The parties to this proceeding are Rosa May, Morton J. May, Tom May, Samuel B. Butler and Nathan L. Dauby, trustees under the trust instruments.

The defendants, in addition to Florene May Marx, the principal beneficiary, and George Lauter, as trustee, her assign, are the more remote beneficiaries, as follows:

1. The minor children of Florene May Marx, Nancy May Straus and Martin L. Straus III, her only issue,

who appeared in the trial court by their guardian *ad litem;*

2. Morton J. May, Tom May and Wilbur D. May, the sons of David May;

3. Martin L. Straus, former husband of Florene May Marx; and

4. Morton David May, et al., the issue of the sons of David May.

The pleadings are not questioned, and it also appears from the briefs that there is no dispute as to any of the facts.

The complaint states that the plaintiffs are trustees of a certain trust created by David May in St. Louis, Missouri, by an instrument dated October 10, 1916, which provided that the trust property should be held until Florene May Marx, daughter of David May, became 25 years of age or sooner married with the approval of her mother, Rosa May, at which time one-fourth of the trust estate should be paid to her, after which the income on the remainder should be paid to her until she became 45 years of age, when the remainder of the trust estate should be paid to her if the trustees believed wise; that a supplementary trust instrument executed by David May, Florene May Marx, and the trustees in St. Louis, Missouri, on November 16, 1921, provided that the entire trust fund then in the hands of the trustees should remain intact and undistributed except as therein provided, and said instrument provided further that the trust fund should be paid to Florene May Marx when she became 60 years of age, or, if the trustees deemed it wise and proper, at any time prior thereto and after she became 45 years of age, and that if Florene May Marx should die before the termination of the trust, the trust fund should be held in trust for her surviving issue, or, in default of such issue, should be paid to the sons of David May and their issue, *per stirpes,*

and to Martin L. Straus; that a letter executed by David May, Florene May Marx, and the trustees on October .., 1926, provided that until Florene May Marx be 25 years of age, the income of the trust should be accumulated and treated as principal, and that after she became 25 years of age, the income should be paid to her currently; that Florene May Marx was born February 17, 1903, and married Martin L. Straus, with the consent of her mother, Rosa May, on May 19, 1921; that Nancy May Straus and Martin L. Straus III, minors, are the only issue of Florene May Marx, and that they are made defendants individually and as representatives of all who may become issue of Florene May Marx; that Morton J. May, Tom May, and Wilbur D. May, the only sons of David May, Morton David May and Sarah Jane May Waldheim, the only issue of Morton J. May, and David May II and Blanche Rose May, the only issue of Tom May, are made defendants individually and as representatives of all who may become issue of the sons of David May; that Martin L. Straus executed, on April 30, 1934, an instrument releasing and waiving all his rights under the trust instrument; that since February 17, 1928, the date on which Florene May Marx became 25 years of age, the plaintiffs have paid to her all income from three-fourths of the trust estate, but have retained and accumulated the income on the other one-fourth of said trust estate; that plaintiffs believe Florene May Marx or her assigns, is entitled to receive all income accrued after February 17, 1928, on said one-fourth of said trust estate, but that the other defendants claim or may claim some adverse interest; that plaintiffs are impartial and will pay said accumulated income or retain the same, as the court may direct; that on November 5, 1937, Florene May Marx executed instruments assigning to each, George Lauter, as trustee for Nancy May Straus, and George Lauter, as trustee for Martin L. Straus III, one-half

of the income on one-fourth of said trust estate (as the same existed on February 17, 1928), accruing after November 5, 1937, and prior to February 17, 1943; that plaintiffs believe George Lauter, as trustee, is entitled to receive said income for said period, but that the other defendants claim or may claim some adverse interest; that the plaintiffs are impartial and will pay all income accrued and to accrue on the said one-fourth trust estate, or accumulate the same as the court may direct.

The answer of Florene May Marx admits the allegations of the complaint, but states that it was not her understanding or intention that the supplementary trust instrument of November 16, 1921, would or did restrict her rights to the net income accruing after February 17, 1928, upon the trust estate, and further denies that it was the intention of any of the parties to the instrument to restrict her rights to the net income.

The answer of the other defendants was filed in which they admit the execution of the instruments; also the answer of the guardian *ad litem,* in which he states that he has no information regarding the allegations of the complaint, and submits the rights and interests of the minors to the consideration and protection of the court.

The brief and argument filed on behalf of Florene May Marx, et al., admits the statement of the case contained in the brief filed on behalf of Wilbur D. May, et al., is both accurate and sufficient.

Florene May Marx contends that the instrument dated October 10, 1916, created a trust under which Florene May Marx became entitled upon her approved marriage, May 19, 1921, to receive the one-fourth trust estate, and so thereafter to receive all income accruing thereon.

In reply to this contention of Wilbur D. May, et al., it is admitted that if the 1916 instrument alone is con-

sidered the contention of Florene May Marx may be conceded, but further suggest that this court is called upon to construe not merely the 1916 instrument alone, but the 1916 instrument as affected by the supplemental trust of 1921, and by the subsequent conduct of the settlor, David May, and his daughter, Florene May Marx.

Florene May Marx, George Lauter, as trustee, and the plaintiff trustees, admit that Florene May Marx is entitled to receive at this time all income accruing on the one-fourth trust estate subsequent to February 17, 1928, and prior to November 5, 1937; that George Lauter, as trustee, is entitled to receive currently all income accruing and to accrue on the one-fourth trust estate subsequent to November 5, 1937, and prior to February 17, 1943, if Florene May Marx lives that long; that Florene May Marx is entitled to receive all income accruing on the one-fourth trust estate subsequent to February 17, 1943, and that, therefore, for reasons adopted by the trial court, the court's conclusion is correct.

The instrument of October 10, 1916, created a trust under which Florene May Marx became entitled upon her approved marriage, May 19, 1921, to receive the one-fourth trust estate and therefore to receive all income accruing thereon. By her marriage, which was approved by her mother, she became entitled to receive one-fourth of the trust estate under the instrument dated October 10, 1916, and being the owner of the interest, she was entitled to receive all income accruing thereon, and subsequently she joined with her father in the execution of the agreement dated November 16, 1921, and by so doing created a new trust of the one-fourth trust estate, the ownership of which was in her. Under this new trust, the trustees, who happened to be the same persons who were the trustees under the 1916 instrument, from which the

one-fourth trust estate was carved, were directed to hold said property on certain new trusts specified in the November 16, 1921 instrument and not contained in the previous trust. Such new provisions included remainders over in the event of the death of Florene May Marx prior to the termination of the trust, and since Florene May Marx was the then absolute owner in fee simple of the one-fourth trust estate, no other person could deal with the property in any way by subjecting it to a trust or otherwise, without her consent. Wilbur D. May, et al. contend that no new trust was created because of the fact that David May signed the November 16, 1921, instrument, and purported to speak therein as grantor.

As indicated, we have reached the conclusion that Florene May Marx was the present owner of the one-fourth interest and her interest was such that she could be bound only by the instrument dated November 16, 1921, in the execution of which she joined with her father, and it would seem that the instrument created a new matter as far as her one-fourth interest is concerned and the control of this property.

The 1921 instrument dealt also with the three-fourths trust estate, and by the instrument David May evidenced the transfer and disposal of his interest in the three-fourths trust estate by joining in the execution of the instrument, and as suggested in the brief of Florene May Marx, a new trust was created by Florene May Marx of the one-fourth trust estate that was owned by her. This she could do without requiring her father's signature and without his speaking, but as the same instrument likewise dealt with the three-fourths trust estate in the manner stated in this opinion it was necessary that David May execute it, and the fact that David May joined in one instrument with Florene May Marx, who was speaking for the one-fourth trust estate, does not destroy the legal

effect or significance of her signature otherwise existing with respect to said one-fourth estate.

November 16, 1921, instrument is silent as to the income accruing on the one-fourth trust estate after the date of its execution.

We agree with the suggestions made by the defendant Florene May Marx that hers was the only vested interest in the trust, and that all others were contingent; that her interest was in fee, subject to be divested only by her death, so that so long as she lived she was the owner of the fee; she not only had no issue at the time the 1921 instrument was executed, but might never have any. Under these circumstances, it is probable that she or her father did not intend to have the income accumulate and be treated as principal to be distributed to her at a remote future date, or, in the event of her death prior thereto, to persons who were not yet in existence. It has been suggested, that in the absence of express or necessarily implied intention that income on vested interests be accumulated, the law requires its current distribution.

It is to be noted that if the income under the 1921 trust were to be accumulated until the distribution of the principal at the termination of the trust, such accumulation might last for a total period of 62 years (in the event Florene May Marx died February 15, 1963, leaving a child one day old). Accumulation for such a long period is not favored by the law. At common law, express accumulation of income beyond the period set by the rule against perpetuities is void, so by statute, many States have cut down the common law period of permissible accumulations. Under a majority of these statutes, the possible period of accumulation urged by Wilbur D. May, et al. would render the provision void.

Illinois Rev. Stat. 1937, ch. 30, par. 153, sec. 1 [Jones Ill. Stats. Ann. 135.02], is an act to restrain all trusts and directions in deeds or wills whereby the profits or produce of real or personal estate shall be accumulated, and the beneficial enjoyment thereof postponed for a longer term than the life or lives of any grantor, settlor, or for any longer than the term of 21 years from the death of any such grantor, devisor or testator, or for any longer than during the minority or respective minorities of any person or persons who shall be living, and by the provision of this act accumulations are limited for the period fixed by the statute, which general principle of law is admitted by the defendant Wilbur D. May, et al.

Failure to provide for the distribution of income, the law presumes that the grantor intended that the income go to the beneficiary who is presumptively entitled thereto, and this same result is accomplished by the statutes prohibiting accumulations, which invariably provide that income, the accumulation provision for which is void, shall be paid to the person who is presumptively entitled thereto.

By the creation of this new trust, which was accomplished by a written instrument which the trustees signed evidencing their acceptance of the property under the terms of the new trust, the trustees accepted the surrender by Florene May Marx to them of her interest in the one-fourth trust estate and thereby terminated the 1916 trust as to the property surrendered. She was entitled to receive this one-fourth trust estate, and as a part of this trust estate in which she joined she was entitled to receive the accumulated income thereon immediately upon the execution by the trustees of the November 16, 1921, instrument.

What we have said with reference to the decree of the trial court indicates that our views are in accord

with those of the court. We have given consideration to all the questions involved and believe we are justified in affirming the decree construing the instruments as therein expressed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., concurs, and BURKE, J., takes no part.

A petition for rehearing accompanying a motion to amend the opinion has been filed, and upon consideration the court reconsiders the language in next to the last paragraph of this opinion, cause No. 40,236, and modifies the same to read:

By the creation of this new trust, which was accomplished by a written instrument which the trustees signed evidencing their acceptance of the property under the new trust, the trustees accepted the surrender by Florene May Marx to them of her interest in the one-fourth estate and thereby terminated the 1916 trust as to the property surrendered, and by the letter of October —, 1926, the defendant, Florene May Marx relinquished her right to receive as it accrued the income on the one-fourth trust estate prior to February 17, 1928; that the income during that period became part of the principal of the trust to be distributed in the manner and within the same time as the principal of the estate is required to be distributed. That by the petition for rehearing, the various parties to this appeal acquiesce in the modification made by the court.