Joan S. Sullivan, Appellant, v. Harris Trust and Savings Bank, Thomas Roger Sullivan, a Minor, Faryl Anne Sullivan, a Minor, Shawne Marie Sullivan, a Minor, Appellees, and Helen Shorley, Defendant.

Gen. No. 46,674.

First District, First Division.

January 9, 1956.

Released for publication February 27, 1956.

Williams and Leonard, of Chicago, for appellant; Ednyfed H. Williams, and John M. Leonard, Jr., both of Chicago, of counsel.

Brown, Fox, Blumberg & Markheim, of Chicago, for Harris Trust and Savings Bank, appellee; Jacob Logan Fox, and Thane T. Swartz, both of Chicago, of counsel.

Harry L. Kinser, of Chicago, guardian ad litem, for minor appellees and trustee of the interests of unborn persons.

JUDGE BURKE delivered the opinion of the court.

On July 12, 1948, Louis T. Shorley of Chicago made his last will. He died on July 20, 1950. The will was admitted to probate and the Harris Trust and Savings Bank became executor. Under the Fourth paragraph of the will the residue of the estate passed to the bank as trustee. The decedent left as his only heirs at law Helen Shorley, his widow, and Joan S. Sullivan, his daughter by his first marriage. Thomas Roger Sullivan, Faryl Anne Sullivan and Shawne Marie Sullivan, minors, are the lawful issue of Joan S. Sullivan.

Under the Sixth paragraph of the will the trustee is to pay to the widow $500 per month for life and to the daughter $400 per month for life. In the event of the daughter's death before the termination of the trust the trustee is to pay to her lawful issue $400 per month ratably per stirpes and not per capita. The trustee is authorized to invade the principal of the trust estate to make these payments should the income therefrom be insufficient. Under the Seventh paragraph of the will the trust shall terminate on the death of the survivor of the widow and daughter and the trustee shall then deliver the remainder of the principal, together with all undistributed income therefrom, to such as shall then be living of the lawful children of the daughter and the then living descendents of the deceased

399

lawful issue of the daughter per stirpes and not per capita. Under the Eighth paragraph of the will the trustee is authorized to pay the daughter or her descendants additional sums deemed by the trustee to be necessary or advisable for their support and maintenance, not to exceed $4,000 in any one year and not to be cumulative. The widow filed her written renunciation of the will and thereafter one-third of the total net estate was paid to her. The remainder aggregating the principal sum of $394,370.53 with income of $25,739.24 after taxes, on the close of the administration of the estate, passed to the trustee. The trustee has paid and is paying to the daughter $400 per month pursuant to the Sixth paragraph of the will, and the sum of $4,000 per year authorized under the Eighth paragraph.

The daughter filed a complaint in chancery to construe the will and asked that income accumulated wrongfully in violation of the Thellusson Act of Illinois be paid to her as sole heir of decedent, or in the alternative that the accumulations of income be declared intestate property and be paid to her, and for an accounting. The trustee filed an answer. In a counterclaim the trustee also asked the court to construe the will and to ascertain and declare the persons entitled to receive the income from the estate. The chancellor appointed a lawyer as guardian ad litem for the minors and trustee for persons interested in the estate not now in being. In his answer to the complaint the guardian ad litem asserted that any income in excess of the payments provided in the will should be applied for the benefit of the minor defendants and unborn persons not in being. Plaintiff's answer to the trustee's counterclaim states that the language of the will as to the matters described in the counterclaim was not ambiguous, was governed by established principles of law and was determinable in any decree that

400

 

might be entered pursuant to her complaint. The widow filed no pleading and was defaulted.

The executor paid to Helen Shorley her widow's award and cash and other assets valued at $189,010.69 in full settlement of her claim to one-third of the estate. The executor's final account was approved and it was discharged. The court found that the parties are entitled to a construction of the will by reason of ambiguity therein and decreed that the testator intended in his will that if any sums should be received as income by the trustee in excess of the amounts directed to be paid and actually paid by the trustee, the additional income received by the trustee should be retained by it as part of the principal of the trust estate, with all administrative and investment powers specified in the will with regard to the principal of the trust estate and should be distributed as the principal of the trust estate was directed to be distributed. The decree directed the trustee to retain any income theretofore or thereafter received in excess of the amounts paid by it pursuant to the provisions of the will, to invest the sums and to administer and distribute the same as provided by the will regarding the principal of the trust estate, except as to the income received after July 20, 1971. The decree determined that by virtue of the statute restricting accumulations in force at decedent's death, the accumulation of income is permissible only for 21 years after decedent's death, or until July 20, 1971; that the provision for the accumulation of income arising from the trust estate after July 20, 1971, and not distributed pursuant to the will, is invalid; that the excess income received by the trustee after July 20, 1971, will be intestate property and shall be paid by the trustee to the plaintiff if and for so long as she shall live after July 20, 1971; that plaintiff is the only person entitled to receive the excess income as decedent's heir at law; that the widow

has not asserted any right to receive that income and is in default; and that by her renunciation of the will and her receipt of one-third of the estate, she has no further right or claim in and to the excess income. The decree further determined that in view of the renunciation of the will by the widow, the true intent and meaning of the Seventh paragraph authorizing distribution of the trust estate with all the undistributed income therefrom at the death of the survivor of the widow and the daughter is that the distribution should be made at the death of the daughter, whether the widow shall then be living or not; that the testator's only purpose in postponing distribution until the death of both the widow and the daughter was to provide a fund from which periodic payments could be made for the support of both these beneficiaries; and that by her renunciation of the will the widow relinquished all rights to any benefit under the will, including the right to receive such periodic payments and the right to have the trust under the will continued for her protection. The decree directed that the trustee, on the death of the daughter, deliver all the trust estate, whether principal or income, after deducting its charges, to all the then living children of the daughter and to the then living lawful descendants of any deceased children of the daughter. In testifying during the hearing of the case on December 6, 1954, the plaintiff said that she was then 28 years of age, that the widow was 50 years of age and that the children were 6, 4 and 2 years of age. At the hearing an officer of the trustee testified that the trustee then had on hand income amounting to approximately $28,700 after deducting expenses of the trust estate and payments of $400 per month and $4,000 per year to the plaintiff. Plaintiff, appealing, requests that the decree be reversed and that the cause be remanded with directions to enter a decree construing the will as in violation of the Thellusson Act and that the accumulations of in-

come be paid to her, or in the alternative that such accumulations be declared intestate property and be accounted for and paid to her as intestate property.

Plaintiff maintains that the accumulations of income of the trust estate if contemplated by the will are for a period longer than 21 years after decedent's death and are illegal under the Thellusson Act; that the excess of income of the trust estate after the payments required by the will, estate expenses, payment of mortgages and liens constitutes accumulations; that these accumulations though not specifically directed or authorized, are contemplated by the will and necessarily result from the operation of the will and trust created thereby; that these accumulations might and probably would continue throughout the duration of the trust, which might well exceed 21 years after testator's death under the language of the will or the decree; that under the language of the will the trust would continue during the lives of the widow and the daughter and would terminate on the death of the survivor; that this is the proper duration of the trust; that the decree that owing to the widow's renunciation of the will, the duration of the trust was for the life of the daughter only, was error, disregarding the language of the will and testator's intent and as accelerating contingent remainders to persons who cannot be ascertained until the termination of the trust; and that under the decree the trust and the accumulations thereunder might continue for over 21 years after the testator's death. Plaintiff further contends that even though there is no express provision for accumulation for 21 years, if accumulations necessarily will result from the operation of the will and the trust created thereby which may continue for over 21 years, directions to accumulate will be implied and are within the prohibition of the statute; that since the illegal accumulations are in the residuary clause of the will and the residuary interests are contingent, plaintiff as heir is now entitled to the accumu-

403

lations as intestate property; and that in the alternative, if no provision is made for these accumulations of income by the will, the accumulations are intestate property to which the plaintiff now is entitled as decedent's heir.

■ We are asked to decide whether the Thellusson Act of Illinois, Sec. 153, Ch. 30, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 135.02], in effect when Louis T. Shorley died on July 20, 1950, is applicable to the will. This Act was amended in 1953 to authorize accumulations for a life or lives in being, plus the additional period of 21 years. The amendment does not affect the wills of testators who passed on before the Act took effect and therefore has no application to the case at bar. We are satisfied that the will contemplates that any excess or surplus income should be held by the trustee and eventually distributed along with the corpus of the estate to the plaintiff's children or their descendants. The Fourth paragraph bequeaths the remainder of the estate to the trustee and defines the uses and purposes for which the trustee is to hold the estate. Subparagraph (a) of the Fourth paragraph authorizes and directs the trustee to take possession of the estate and the trustee is given broad powers in investing and reinvesting the trust estate. The language of this clause negatives the theory that any portion of the estate, whether of principal or income, could be considered intestate property. The will gives the entire residuary estate and grants broad power of investment and reinvestment which also apply to the income in excess of the amounts specifically directed to be distributed as to corpus. Other provisions of the will indicate the testator's intention that the testamentary trust was meant to be a complete disposition of both principal and income, and that it was intended that the trustee be vested with the necessary powers to completely handle the residuary estate.

Subparagraph (j) of the Fourth paragraph indicates that all income of the trust estate was intended by the testator to be used first for the payment of costs and expenses of administering the trust and protecting, managing and caring for the trust estate and secondly that the balance of income be distributed and applied as directed in the will. The use of the word "applied" indicates that the testator contemplated that not all of the income would necessarily be distributed to the income beneficiaries and that the trustee would or might accumulate and retain income not needed to satisfy payments directed to be made to the widow and plaintiff. Subparagraph (e) of the Fourth paragraph that "the power and authority herein conferred upon the trustee to establish such reserves out of income shall not, nor shall any other power hereby conferred upon the trustee, be construed to authorize such accumulations to be made for any longer period of time than shall be permitted by law at the time of my death," implies that the trustee might have occasion to accumulate income under circumstances not related to the specific authorization, and that in that event the accumulations should not exceed the legal period. This clause contemplates that there may be additional accumulations and limited all accumulations to the period permitted by law.

The Seventh paragraph of the will in the words "together with all undistributed income therefrom" contemplates that there may be undistributed income accumulated which is to be distributed ultimately to such as shall then be living of the lawful children of plaintiff and to the then living lawful descendants of any deceased children of plaintiff ratably per stirpes and not per capita. The testator intended that plaintiff and his widow should have only a fixed income for life in the trust estate and did not intend that either should share in any additional income above the amounts directed to be paid to them. A construction of the will

405

by which plaintiff would receive the current benefit of excess income would be contrary to the testator's intention. He intended that the remaindermen should have the benefit of any income in excess of specific current requirements.

The Illinois Thellusson Act does not operate to make illegal the provisions of a will for accumulations of income beyond any of the permitted periods stated in the Act. The Act was not intended to defeat the intention of a testator designating who should be entitled to property under a will, but only to prevent indefinite accumulations of wealth. The argument of plaintiff that since there may be accumulations of income in the testamentary trust for an extensive period of time in violation of the Act and that she is presently entitled to the accumulations as intestate property, is without merit. It is not the purpose of the statute to defeat the intention of the testator respecting the persons entitled to property under his will, but its purpose is limited to prevent indefinite accumulations of wealth. It only limits the period of accumulation, and the produce beyond that limit goes to the same person who would have been entitled to it if the accumulation had not been directed. The statute on which plaintiff relies says that the "rents, issues, profits and produce of such property so directed to be accumulated shall, so long as the same shall be directed to be accumulated contrary to the provisions of this Act, go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed." It is not every accumulation which is condemned, but only accumulations for so long as they shall be contrary to the statute. See French v. Calkins, 252 Ill. 243; Kolb v. Landes, 277 Ill. 440; Carlberg v. State Savings Bank & Trust Co. of Moline, 312 Ill. 181; Webb v. Webb, 340 Ill. 407. The case of May v. Marx, 299 Ill. App. 442, cited by plaintiff, does not support her position. The Pennsylvania cases cited by her are not

applicable to the Illinois Act. Our Supreme Court has construed the Illinois Act which holds that a violation of the Act does not invalidate any provision of the will, but only operates to prevent indefinite accumulations of income beyond the statutory permitted period. It is our duty to follow the law as laid down by our Supreme Court. It cannot now be definitely determined whether there will be accumulations of income after 21 years from the death of Louis T. Shorley. The decree provides that if there are accumulations of income occurring after July 20, 1971, that these shall be paid to the plaintiff as the sole heir at law having an interest therein. Our Supreme Court has generally refused to make such determinations until one of the permitted periods has expired, on the ground that it cannot be definitely ascertained whether there will be accumulations in violation of the statute until the permitted period has run its course. No one has complained about this provision of the decree.

■■ ■■ Plaintiff criticizes that part of the decree recognizing that since the widow renounced the will, the provision for distribution at the time of the death of the survivor and plaintiff is to be read as if the widow had already died and distribution is to be made at the death of the daughter. A person who is not injured by an alleged error in a decree has no right to argue that it be reversed. From a legal standpoint it makes no difference to plaintiff whether after her death the estate is distributed at once to her children and the then living lawful descendants of deceased children or held in trust until the widow dies. Plaintiff makes no showing that she has been injured by this provision of the decree and no other party has appealed from the decree. Only a party adversely affected by the decree may appeal therefrom. Glos v. Swigart, 156 Ill. 229; McClary v. Grand Lodge Brotherhood of Railroad Trainmen, 282 Ill. App. 77; C. J. S. Vol. 5, Sec. 1676, p. 802.

Plaintiff asserts that since the illegal accumulations are in the residuary clause of the will and the residuary interests are contingent, plaintiff as heir is now entitled to the accumulations as intestate property. The guardian ad litem states that the minor defendants and unborn persons have an indestructible remainder interest in any income accumulated within the periods permitted by law. He points out that our Supreme Court has held that the remainder interests are vested where the right of enjoyment is postponed for the convenience of the estate rather than for reasons personal to the legatee. Scofield v. Olcott, 120 Ill. 362; Carper et al. v. Crowl et al., 149 Ill. 465; Ashmore v. Newman, 350 Ill. 64. We do not think it is necessary to decide whether the interest of the remaindermen is vested or contingent. Section 40, Ch. 30, Ill. Rev. Stat. 1955 [Jones Ill. Stats. Ann. 110.236], provides that "no future interest shall fail or be defeated by the determination of any precedent estate or interest prior to the happening of the event or contingency on which the future interest is limited to take effect." Whether the interest of the minor defendants and unborn persons in the income be considered vested or contingent, they are indestructible.

For the foregoing reasons the decree of the Superior Court of Cook County is affirmed.

Decree affirmed.

FRIEND, P. J. and NIEMEYER, J., concur.