Pearl Theresa Murphy, Appellant, v. Northern Trust Company, an Illinois Corporation, Vincent Murphy, Frank J. Murphy, John C. Murphy, Jennie Stafford, Sadie Murphy, Ruth Murphy Bruchmann, Rita Murphy Wilkerson, Helen Murphy Sullivan, Anastasia Murphy Sheridan, Andrew A. Murphy, William L. Murphy, Jane E. Murphy, Mary F. M. Howard, Vincent P. Murphy, William T. Murphy, Janet S. Hartigan, Edna S. McInerny, John J. Stafford, Alice Stafford and Unknown Owners, Appellees.

Gen. No. 47,576.

First District, Second Division.

January 27, 1959.

Released for publication February 19, 1959.

245

Sears and Streit, of Chicago (Barnabas F. Sears, Lloyd J. Tyler, Jr., Richard L. Johnston, of counsel) for appellant.

Edward S. Coath, of Chicago, for Janet S. Hartigan, Edna S. McInerny, John J. Stafford, and Alice Stafford, appellees.

Parkhill, Severns and Stansell, of Chicago, for Northern Trust Company, appellee.

Elmer Michael Walsh, of Chicago, pro se, as trustee for persons not in being.

JUSTICE MURPHY delivered the opinion of the court.

This is a suit by a widow to construe the will of her husband with respect, among other things, to her claim to accumulated income. She has appealed from a decree against her and in favor of decedent's brothers and sisters and their children.

The facts are not disputed. The testator died July 25, 1937. The residue of his estate was left in trust, with directions to pay $300 monthly to plaintiff, with power to invade corpus, if necessary. Any additional net income was to be accumulated and added to the corpus. After the death of plaintiff, the corpus is to be divided into six equal shares and distributed to the testator's named six brothers and sisters. If one or more of this class "shall die prior to the time of this

distribution," then his or her share shall go to his or her lawful issue; and if no issue, that share shall lapse and the number of shares be reduced correspondingly.

Since testator's death, monthly payments of $300 have been made to plaintiff. Income accumulations of $52,000 have been added to the corpus. Because of a 1942 change in the Internal Revenue Code, the trustee stopped paying the income tax on trust distributions to plaintiff.

Plaintiff seeks the income accumulations, (1) current, and (2) past, claiming violation of the so-called "Illinois Thellusson Act," Chap. 30, par. 153, Ill. Rev. Stat. 1937; and (3) reimbursement of that portion of her income tax attributable to trust distributions.

The chancellor decreed (1) that from and after July 25, 1958, and until plaintiff's death, current income accumulations are to be distributed quarterly to those defendants who would be entitled to share in the distribution of the corpus, if such corpus were then distributable; (2) that net income accumulations prior to July 25, 1958, are part of the corpus of the trust to be held by the trustee until the distribution of the corpus, and then to be distributed in the same proportion as the corpus; and (3) that the trustee is not obligated to pay any Federal income tax attributable to trust distributions to plaintiff. She contends the decree is erroneous.

██ It is conceded that the testator's direction to accumulate income is in violation of that portion of the 1937 statute, which is directed against income accumulations for a term longer than twenty-one years from the death of the testator. The Illinois rule is that the statute limits only the period of accumulation, and the "produce" beyond that limit goes to the person or persons who would have been entitled to it if the accumulation had not been directed. Webb v. Webb, 340 Ill. 407, 415 (1930). The act was not intended to defeat the intentions of the testator in designating who should

be entitled to property under the will. Sullivan v. Harris Trust & Savings Bank, 8 Ill.App.2d 397, 406 (1956).

The purpose of construing a will is to ascertain and, if possible, give effect to the intention of a testator, and the intention of the testator should be gathered from the four corners of the will. There is a presumption against intestacy, and the court will adopt any reasonable construction to avoid a conclusion of intestacy. In re Estate of Trager, 413 Ill. 364, 367 (1952).

Plaintiff contends that, in the absence of contrary directions, the "released income" should go to the life tenant, and that the will shows such an intention; and, if not, then there should be an intestate distribution. She has cited a number of Pennsylvania cases to support these contentions, but we believe they are not applicable to the Illinois act. The decisions of this state construing the act are sufficiently determinative and should be followed.

Plaintiff argues that since the present statute, amended in 1953, admittedly favors the remainderman, therefore the fact that the 1907 statute was amended "indicates that the law was thereby changed and that the prior law favored the life tenant." The case cited in support of this is a rate determination case, and the underlying theory is not persuasive here, as we believe the 1953 statute makes specific a meaning implicit in the 1907 act.

We agree with plaintiff that the will manifests the intention to make her welfare paramount. The direction to accumulate the remainder of the net income and add it to the corpus of the trust estate was intended to protect her annuity, as the will directed her annuity be paid out of the corpus if income was insufficient.

We also agree that the testator could not have anticipated the inflation since 1932, which has drastically

248

reduced the purchasing power of this annuity. Even if he had this foresight, it would have been most difficult to have prescribed a workable formula against inflation. His plan is clear. The formula he did prescribe, adding the excess income to the corpus, was directed against a shrinking economy, and to give plaintiff a protected annuity of an exact number of dollars. If the testator intended plaintiff to have all net income, and yet wanted to be sure she received a minimum of $300 monthly, it would have been simple to reword the corpus invasion directions.

The will of the testator states that the trustee "shall accumulate the remainder of the net income . . . shall add the same to the principal or corpus of said trust estate . . . shall divide the principal . . . , together with any accumulated income therefrom, into six (6) equal shares," and deliver the shares to a class of legatees named in Paragraph Third (e) of the will. This expresses an intention to dispose of all of his estate in excess of plaintiff's annuity to a class which does not include her.

This negatives the theory that any portion of the estate, whether of principal or income, should be considered intestate property, or that the life annuitant is to be given preference in determining the proper distribution of "released income." The Illinois cases cited to sustain the "life tenant preference" include Booth v. Krug, 368 Ill. 487, which did not so hold, and United States Trust Co., of New York v. Jones, 346 Ill. App. 365, reversed 414 Ill. 265, involving an *inter vivos* trust, where the income was actually being expended and the complaint was based on the use of income to pay a capital gains tax.

■ However, plaintiff argues that the identity of the persons comprising this class cannot be determined until her death, and that the law of remainders has no application in a will construction case, citing Sullivan v. Harris Trust & Savings Bank, 8 Ill.App.2d 397, 408.

249

That case did not make that decision. We believe a proper construction of this will requires a determination that the interests of the legatee remaindermen are vested, with the right of enjoyment postponed. There is no intestacy under decedent's will.

█ The definition of a vested remainder is given in Brown v. Brown, 247 Ill. 528, 532 (1910) : "A vested remainder is one which throughout its continuance gives to the remainderman or his heirs the right to the immediate possession whenever and however the preceding estates may determine." Applying this rule to the instant case, the distribution of the corpus of the estate, although delayed, was fixed in a class at all times and capable of definite ascertainment at the moment of plaintiff's decease. The testator gave each brother and sister a vested interest in the residue of his estate and added a clause divesting it in the case of death prior to the time of enjoyment. Still, the interest was vested at all times, subject to his or her death. Lachenmyer v. Gehlbach, 266 Ill. 11 (1914). If the interests of the remaindermen are vested, there are legatees who are ready to take, "if such accumulations had not been directed."

Plaintiff relies on Wills v. Southwell, 334 Ill. 448, in her claim to past accumulations, because "partial invalidity of the provision as to accumulations destroys the scheme of the will in this regard." We do not believe it supports this theory, because the court there held "that the scheme of the testator as to accumulations was to treat alike all of his children and the children of a deceased child," and the accumulation provisions of the will resulted in different treatment. In the instant case the treatment of the class— brothers and sisters and their issue—is the same.

██ The uniform rule, recognized since French v. Calkins, 252 Ill. 243 (1911), is that *only accumulations over* the permitted period are in violation of the statute. This being so, the permitted accumulations prior

250

to July 25, 1958, are not in violation of the law and must be distributed in accordance with the testator's will. We conclude the decree construing the will of the decedent is correct in its disposition of the current and past accumulations.

 Plaintiff, since 1942, has had to pay income taxes on her annuity because of a change in the Federal income tax law, and now seeks reimbursement from the trustee for that portion of her individual income tax that is attributable to her annuity. This claim is made because the trustee is directed "to pay all costs, charges and expenses of said trust estate and of the management thereof, and all taxes and assessments thereon." It is contended that the reasonable supposition is, that the testator was referring to income taxes. Plaintiff cites Commercial Trust Co. of New Jersey v. Kohl, 54 A.2d 473 (N. J. 1947). The tax provisions there construed were found to be "all embracing" and included "those arising out of the benefactions to the testator's widow, daughter, and issue of the daughter." We do not believe the tax provisions of the instant will are susceptible to such a broad construction.

In Chicago Title & Trust Co. v. Schwab, 347 Ill. App. 233, the court, in speaking of income taxes, said, "The testator is presumed to have known that the law might be changed at any time in the future so as to impose a tax on Mrs. Schwab." That statement applies here. There is no provision in the will anticipating income tax law changes, nor can such an intention reasonably be implied. The clause in question refers to taxes and assessments on the trust estate and does not include income taxes payable by annuitants because of trust distributions.

For the reasons given, we believe the decree is correct, and therefore it is hereby affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.